**SOUTHERN SEAS NAVIGATION LIMITED OF MONROVIA, as Owner of the MESSINIAKI FLOGA, Petitioner,**

v.

**PETROLEOS MEXICANOS OF MEXICO CITY as Charterer under a Texacotime 2 Charterparty dated June 6, 1981, Respondent.**

No. 84 Civ. 7195 (EW).

United States District Court,
S.D. New York.

April 25, 1985.

Walker & Corsa, New York City, for petitioner; Charles L. Trowbridge, Henry E. Billingsley, II, New York City, of counsel.

Burlingham Underwood & Lord, New York City, for respondent; Terry L. Stoltz, Lance A. Warrick, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, Southern Seas Navigation Limited of Monrovia ("Southern"), petitions this Court to confirm an arbitration award of equitable relief. Defendant, Petroleos Mexicanos of Mexico City ("Pemex"), opposes the motion on grounds that the arbi-

trators' order was only an "interim" and not a "final" award; and, in addition, cross-moves to vacate the award as a product of fraud.

On June 6, 1981, Southern chartered the vessel the Messiniaki Floga ("Floga") to Pemex. Pemex claims it notified Southern of its intention to redeliver the Floga at the end of the contract period, but that Southern "began a series of machinations designed to postpone the redelivery of Floga as long as possible." Based on claims arising from these delays, Pemex filed a Notice of Claim of Lien on Floga's Liberian Registry in the amount of $2,000,000. Thereafter, various disputes arose between the parties, all of which were submitted to arbitration pursuant to the charter party entered into in 1981.

Among the disputes submitted to the arbitrators was Southern's claim for equitable relief. Southern sought an order removing the Notice of Claim of Lien on grounds it was preventing it from consummating a transfer of Floga and three other vessels in a transaction vital to its continued financial viability. In response to Southern's request, the arbitrators considered their power to grant the type of relief sought. As the panel put it, Southern's request presented a situation similar to that a court faces with a motion for a preliminary injunction. Reserving decision on the question of its power to grant such relief, the arbitrators ordered hearings to determine whether, as Southern contended, Pemex's claims, on which the Notice of Claim of Lien was based, were meritless.

Thereafter, the panel issued an "interim" award granting Southern at least partial relief. In their order, the arbitrators concluded that they had the power to grant equitable relief, stating: "This panel has anguished over the wisdom of granting interim relief. Judicial tribunals are more accustomed to segmented proceedings and the creation of flexible remedies. Case

law, however, supports our authority as arbitrators to engage in equitable type relief." Based upon the evidence adduced at the hearings, the panel found that Pemex's claims in excess of $350,000 were not "colorable," and accordingly granted Southern the right to a reduction in the Notice of Claim to that amount. In granting the sought for relief, the arbitrators expressly disavowed that the award was a disposition on the ultimate merits of either Southern's or Pemex's claims:

> This ruling is not a final disposition on the merits of either party's claims. The panel does not wish to suggest [Pemex's] claim for hire during the period when Owner withheld the vessel is correct, nor do we wish to suggest that [Pemex], by producing additional proof, could not establish its claims which thus far do not appear likely to succeed on their merits.

It is this award that Southern seeks to confirm.

Pemex urges the Court not to confirm the award on grounds it is not "final," but rather, as its title "Interim Ruling" suggests, only an intermediary step in an ongoing arbitral process. Pemex relies upon a decision of our Court of Appeals holding that, in the absence of a "final" award, a district court is without power to review the validity of arbitrators' rulings in ongoing proceedings, and that in order "to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." [1] Applying these standards, Pemex concludes that the arbitrators' own statement that the award was not intended to be a final disposition of the merits precludes this Court from confirming it.

■ Given the equitable relief granted, this Court cannot accept Pemex's argument. This award is not a partial resolution of the parties' claims as an intermediate step in an ongoing arbitral process [2]

1. *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 413, 414 (2d Cir.1980).

2. *Cf. Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411 (2d Cir.1980) (decision by arbitrators

on liability leaves some counterclaims and all claims undecided); *Hunt v. Mobil Oil Corp.,* 557 F.Supp. 368, 374–75 (S.D.N.Y.) (action to vacate premature; not all claims or damages decided

but, in effect, a grant of a preliminary injunction. As noted above, the arbitrators themselves perceived the request in such terms.

To accept Pemex's argument, and preclude Southern from enforcing the award, would render meaningless the arbitrators' power to grant such equitable relief. Pemex does not dispute that the arbitrators had the authority to reduce the Notice of Claim or eliminate it altogether upon a finding of irreparable harm. As our Court of Appeals has expressly stated, not only do arbitrators have traditional powers of equity, "[u]nder New York law [they] have power to fashion relief that a court might not properly grant." [3]

Just as a district court's grant of a preliminary injunction is reviewable as a discrete and separate ruling apart from any decision on the merits,[4] so too is an arbitration award granting similar equitable relief.[5] No undue intrusion upon the arbitral process results from a finding that such an award is ripe for confirmation. Although such relief is to some extent dependent upon an appraisal of, it is nevertheless distinct from a determination on the merits. For example, the arbitrators here expressly held that Pemex was free to offer evidence of claims in excess of $350,-000 upon the arbitration proper; and indeed, they also made it clear that the $350,-000 "cap" was subject to reduction upon further consideration.

That the arbitrators labeled their decision an "interim" award cannot overcome the fact that if an arbitral award of equitable relief based upon a finding of irreparable harm is to have any meaning at all, the parties must be capable of enforcing or vacating it at the time it is made. Such an award is not "interim" in the sense of being an "intermediate" step toward a further end. Rather, it is an end in itself, for its very purpose is to clarify the parties' rights in the "interim" period pending a final decision on the merits. The only meaningful point at which such an award may be enforced is when it is made, rather than after the arbitrators have completely concluded consideration of all the parties' claims.

These same considerations supported a finding that an "interim" award of equitable relief was ripe for confirmation in *Sperry International Trade, Inc. v. Government of Israel.*[6] There, the Court rejected arguments that an arbitrators' order to place a disputed $15 million dollar letter of credit in escrow pending a decision on the merits of the parties' claims was not final. Instead, it found that the award was severable from the merits and because, by its nature, it required "affirmative action," the award would be rendered a meaningless exercise of the arbitrators' powers if left unenforced.[7]

Just as in *Sperry,* the very purpose of the arbitrators' award here—reducing the Notice of Claim of Lien upon a showing of

by arbitrators), *aff'd without opinion,* 742 F.2d 1438 (2d Cir.1983).

3.  *Sperry Int'l Trade, Inc. v. Government of Israel,* 689 F.2d 301, 306 (2d Cir.1982).

4.  *See* 28 U.S.C. § 1292(a)(1) (1982); *see also Jacobson & Co., Inc. v. Armstrong Cork Co.,* 416 F.Supp. 564, 570 (S.D.N.Y.1976), *aff'd,* 548 F.2d 438 (2d Cir.1977).

5.  Our Court of Appeals has expressed disapproval of review by district courts of interlocutory orders involving only some of the claims submitted to arbitration even where those claims are "separate and distinct." *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 415 n. 5 (2d Cir.1980); *see Hunt v. Mobil Oil Corp.,* 557 F.Supp. 368, 375 n. 22 (S.D.N.Y.), *aff'd without*

*opinion,* 742 F.2d 1438 (2d Cir.1983). Faced with a case involving equitable relief pending arbitration, however, the Court did not find that the district court lacked power to confirm the award. *Sperry Int'l Trade, Inc. v. Government of Israel,* 689 F.2d 301, 304 n. 3 (2d Cir.1982).

6.  532 F.Supp. 901 (S.D.N.Y.), *aff'd,* 689 F.2d 301 (2d Cir.1982).

7.  *Id.* at 909; *see Island Creek Coal Sales Co. v. City of Gainesville,* 729 F.2d 1046, 1049 (6th Cir.1984) (affirming confirmation of award requiring City to perform disputed contract during pendency of the arbitration proceedings); *see also Puerto Rico Maritime Shipping Authority v. Star Lines Ltd.,* 454 F.Supp. 368, 375 (S.D.N.Y.1978) (confirming award requiring an accounting).

irreparable harm—would be frustrated if the parties' ability to enforce it were left until after a complete resolution of the merits. Accordingly, the Court finds that the arbitrators' "Interim Ruling" is ripe for confirmation.

Pemex argues that even if the award is final, it should be vacated pursuant to 9 U.S.C. § 10 as a product of fraud. It claims that Southern misrepresented the necessity of the award, because at the time the arbitrators issued their written decision, Southern had already transferred the vessel. Southern concedes that it transferred the Floga prior to the release of the arbitrators' *written* decision, but claims it only did so upon *oral* notice of the arbitrators' ruling communicated to it and Pemex by telephone two months prior to the issuance of the written decision.

Shortly before this motion was argued orally, Pemex presented the same claim of misrepresentation and fraud to the arbitrators who declined to vacate the award. Since Pemex's argument hinges on the time when the arbitrators communicated their decision to the parties, the Court finds no basis to overturn the arbitrators' denial of Pemex's claim of fraud. Accordingly, the petition to confirm the arbitrators' "Interim Ruling" is granted. Each party shall bear its own costs upon this petition.

So ordered.