LOCAL 144, HOTEL, HOSPITAL, NURS-
ING HOME AND ALLIED SERVICES
UNION, SEIU, AFL–CIO, Plaintiff,

v.

CNH MANAGEMENT ASSOCIATES,
INC., Marvin Neiman, individually and
as sole proprietor of Concourse Nurs-
ing Home, Defendants.

No. 87 Civ. 2778 (RWS).

United States District Court,
S.D. New York.

Sept. 16, 1987.

Vladeck, Waldman, Elias & Engelhard,
P.C. (Daniel Engelstein, of counsel), New
York City, for plaintiff.

Gibson, Dunn & Crutcher (Jonathan L.
Sulda, of counsel), New York City, for de-
fendant CHN Management Associates.

SWEET, District Judge.

Plaintiff Local 144, Hotel, Hospital,
Nursing Home and Allied Services Union,
SEIU, AFL–CIO ("Local 144") has moved
pursuant to 9 U.S.C. § 9 for an order con-
firming an arbitration award and directing
defendant CNH Management Associates
("CNH") to comply with it. CNH has cross
moved pursuant to Fed.R.Civ.P. 12(b)(6)
and 9 U.S.C. § 10 for an order dismissing
Local 144's petition on the grounds that the
award is not final and, consequently, not
subject to judicial confirmation, and, alter-
natively, vacating the arbitrator's award on
the ground that the arbitrator exceeded his
powers. For the reasons set forth below,
Local 144's motion is granted in part and
denied in part and CNH'S motion is grant-
ed in part and denied in part.

**Prior Proceedings**

This case involves a dispute over wages,
holidays, vacations, sick days and overtime
of workers employed by CNH at the Con-
course Nursing Home. Pursuant to a 1981
collective bargaining agreement, the dis-
pute was submitted to arbitration before
Professor John E. Sands, Impartial Arbitra-
tor (the "Arbitrator"), who was explicitly
named in the agreement.

At issue in the arbitration was a dispute
over the concept of "parity" as set forth in
a Collective Bargaining Agreement in 1981
("the 1981 Agreement"). In short, at the
time that Local 144 first came to represent
workers employed by CNH, the workers
received wages and benefits generally low-
er than those received by workers repre-
sented by Local 144 at health care facilities
where Local 144 had represented workers
for a longer period of time. The 1981
Agreement contained clauses that would
require CNH to bring covered employees
up to levels enjoyed by Local 144 employ-
ees at other nursing home facilities under

certain circumstances. The Arbitrator determined, and the parties agreed, that the issue submitted to arbitration by him was:

> Whether the Employer [CNH] violated the collective bargaining agreement by failing to pay parity in whole or in part. If so, what shall be the remedy, consistent with the parties' agreement?

After 15 days of hearings in 1984 and 1985, the submission by counsel of post-hearing proposed findings of fact and conclusions of law and extensive briefs and reply briefs, on March 19, 1987, the Arbitrator issued a 31 page Opinion and Interim Award.

The Arbitrator found that the conditions requiring parity had been met, that CNH had breached the agreement, and that their breach had been "intentional and egregious." As to remedy, the Arbitrator determined: "My intention is to cure the Employer's breach and to restore bargaining unit personnel to the positions they would have occupied but for the Employer's breach." Opinion and Interim Award 23 (Mar. 19, 1987). On the basis of the evidence adduced during the hearings, he decided to grant a fixed-dollar remedy for a period ending December 31, 1984, and injunctive relief thereafter.

The Arbitrator found that the minimum amount due the employees under the 1981 Agreement was $6,271,240, and perhaps as much as $6,671,738. He did not in the March 19 Opinion and Interim Award decide how the money should be distributed to the covered employees, and retained jurisdiction to determine the distribution. He found, "credible evidence that owner Neiman has withdrawn from Concourse substantial amounts of parity reimbursement money received and payable to CNH." *Id.* at 25. In addressing the "appropriate method of distribution of monies due," *id.*, the Arbitrator thus concluded: "On the entire record before me I am convinced that CNH should not retain any of the money at issue here. ..." *Id.* at 26. Consequently, the Arbitrator directed: "CNH shall *immediately* pay the minimum amount due—$6,271,240—plus interest"

into an escrow account for final distribution. *Id.* at 28 (emphasis added).

So far, CNH has paid no money into the escrow account.

**Ripeness of the Order for Confirmation**

CNH has asked that the court dismiss Local 144's petition to confirm because the Arbitrator's award is not final, and, therefore, judicial review is not available, a proposition for which it cites *Michaels v. Mariforum Shipping S.A.*, 624 F.2d 411 (2d Cir.1980). The *Michaels* Court held:

> Under the Federal Arbitration Act ... a district court does not have the power to review an interlocutory ruling by an arbitration panel ... The language of the Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award ... or to modify or correct it ... Thus ... a district court is without authority to review the validity of arbitrators' rulings prior to the making of an award. Where, as here, arbitrators make an interim ruling that does not purport to resolve finally the issues submitted to them, judicial review is unavailable.

624 F.2d at 414.

Although interim awards are generally not reviewable under the *Michaels* rule, an exception has been carved when interim award is in the nature of equitable relief to preserve the integrity of a final award.

For instance, in *Southern Seas Navigation Ltd. v. Petroleos Mexicanos*, 606 F.Supp. 692 (S.D.N.Y.1985), the Hon. Edward Weinfeld held that an order labelled "Interim Ruling" was ripe for confirmation because the ruling had been in the nature of a preliminary injunction. Said the court:

> Such an award is not "interim" in the sense of being an "intermediate" step toward a further end. Rather, it is an end in itself, for its very purpose is to clarify the parties' rights in the "interim" period pending a final decision on the merits. The only meaningful point at which such an award may be enforced is when it is made, rather than after the

arbitrators have completely concluded consideration of all the parties' claims. *Id.* at 694.

In crafting this exception, Judge Weinfeld discussed *Sperry Int'l Trade, Inc. v. Government of Israel,* 532 F.Supp. 901 (S.D.N.Y.), *aff'd,* 689 F.2d 301 (2d Cir.1982), in which the district court affirmed an interim order of the Arbitrators directing a party to deposit a $15 million dollar letter of credit in escrow pending a decision on the merits of the parties claims. Finding the award severable from the merits, the *Sperry* court observed that the Arbitrators' order directed "affirmative action" which one of the parties was not going to take unless directed to do so by the court. Unless confirmed and enforced by the court, "the Award will be a meaningless and frustrated exercise of the Arbitrator's powers." *Sperry,* 532 F.Supp. at 909; *Southern Seas Navigation,* 606 F.Supp. at 694.

Put together, these two cases stand for the proposition that an arbitrator has the power to protect the objects of the controversy pending final resolution. On the one hand, "[n]o undue intrusion upon the arbitral process results from a finding that such an award is ripe for confirmation," and if no confirmation is available, then any such order "would be rendered a meaningless exercise of the arbitrators' powers...." *Southern Seas,* 606 F.Supp. at 694.

In this case, the Arbitrator's direction that CNH "immediately" pay the minimum amount of money that will be due as damages into an escrow fund is an order designed to protect the ultimate integrity of the final award. Consequently, to the limited degree that the Order and Interim Award directs CNH to pay a sum into escrow, it is ripe for confirmation. In all other respects the petition is dismissed pursuant to the rule enunciated in *Michaels.*

### Reviewing the Arbitrator's Determination

CNH has also argued that, even if the Arbitrator's decision is deemed ripe for confirmation, it should be vacated because the Arbitrator exceeded his powers and issued a decision that fails to draw its essence from the collective bargaining agreement.

Because the petition has been dismissed on ripeness grounds except with respect to the order to pay a sum certain into escrow, this issue need be considered only insofar as it relates to that order. In line with general equitable principles, the greater the likelihood that Local 144 will ultimately prevail, the more appropriate the Arbitrator's direction to CNH that it deposit the sum at issue into escrow.

There are also considerations particular to arbitrations. For instance, in arbitration, equitable relief can be granted that goes beyond what a court could grant. *Sperry,* 523 F.2d at 901. In addition, Arbitrators "have no obligation to the court to give their reasons for an award." *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Even when an arbitrator's opinion is ambiguous enough to allow an inference that the arbitrator may have exceeded his authority, that is insufficient reason to refuse to enforce the award. *Id.*

Here, there is a strong probability that Local 144 will prevail on merits at the time of the final award is high. In the Interim Award, which by its very terms will convert to a Final Award by the mere passage of time, the Arbitrator carefully parsed the 1981 Agreement and set forth the factual findings upon which he based his conclusions. A court must not enforce an arbitration award when "the arbitrator's words manifest an infidelity" to a collective bargaining agreement. *Enterprise Wheel,* 363 U.S. at 597, 80 S.Ct. at 1361. However, "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Enterprise Wheel,* 363 U.S. at 599, 80 S.Ct. at 1362. Here the alleged "infidelity" is that the arbitrator construed the phrase "and/or" in the contract as "or" (as

management urged). This is not an infidelity but the kind of construction of the language of the collective bargaining agreement that a court should let stand even if it disagrees with it.

As to CNH's claim that the arbitrator exceeded his powers by deciding liability questions for the years 1984 to 1987, which CNH says are outside the relevant time period, this confirmation respects only the fixed-dollar remedy awarded for the period up to 1984, not the injunctive relief granted thereafter.[1]

Finally, according to CNH the award should not be confirmed because it says it has insufficient funds to pay it and the award is in the nature of punitive damages outside the scope of the agreement. The Arbitrator's award, however, explicitly sought only "to restore bargaining unit personnel to the positions they would have occupied but for the Employer's breach," Opinion and Interim Award 23 (Mar. 19, 1987), and, as CNH concedes, the size of the award is linked to the construction of the Agreement, which the arbitrator construed in a manner contrary to CNH's wishes, as already discussed.

## Conclusion

Local 144's petition to confirm an arbitration award is dismissed, except with respect to the Arbitrator's order in the nature of preliminary relief that CNH pay a sum certain into escrow. The order to pay funds into escrow is confirmed. The case is closed, with the court retaining jurisdiction, on motion and without payment of filing fees, to enter all necessary orders or conduct any future proceedings in the case as if it had not been closed.

IT IS SO ORDERED.

---

**1.** The Arbitrator explicitly noted: "Because figures are available to compute actual damages through December 31, 1984 I shall grant a fixed-dollar remedy through that date and injunctive relief thereafter."