13-3085-cv
*Aerotel, Ltd. v. IDT Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fourteen.

PRESENT:

JON O. NEWMAN,
JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AEROTEL, LTD.,

        *Petitioner-Appellant,*

        -v.-                                            No. 13-3085-cv

IDT CORP.,

        *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**          GLENN F. OSTRAGER (Joshua S. Broitman, Roberto L. Gomez, *on the brief*), Ostrager Chong Flaherty & Broitman P.C., New York, NY.


**FOR RESPONDENT-APPELLEE:**          CASEY D. LAFFEY (Jordan W. Siev, Rachel A. Postman, *on the brief*), Reed Smith LLP, New York, NY.

Appeal from the July 22, 2013 judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 22, 2013 judgment of the District Court be **AFFIRMED**.

Aerotel appeals from a judgment of the District Court declining to vacate, and instead confirming, an arbitral award entered in arbitration between the parties. We assume familiarity with the factual and procedural history of the case and repeat only those details necessary to the resolution of this appeal.

Aerotel entered into a settlement agreement (the "Contract") with IDT, a telecommunications provider and distributor of prepaid calling cards, to resolve an earlier dispute. The Contract required IDT to provide Aerotel with $15 million in prepaid calling cards—$5 million in domestic cards, and $10 million in international cards—and imposed certain obligations on IDT with respect to these cards. The Contract is "governed by New York law" and contains a valid arbitration clause.

Aerotel commenced an arbitration claiming that IDT breached several material provisions of the Contract. The panel, in a 36-page interim award, found that IDT materially breached with respect to certain provisions in the Contract, and concluded that Aerotel had properly terminated the Contract based on these material breaches. With regard to remedies, the panel denied Aerotel restitution on the basis that, despite the breach, the record did not demonstrate the IDT had effectively repudiated the contract or denied Aerotel all or substantially all benefits of the Contract. The panel awarded Aerotel $5,391,529 in lost profits with respect to the international cards, but concluded that lost profits with respect to the domestic cards were too speculative. Specifically, because Aerotel had not sold any domestic cards, any award would be based on presumed future sales and would consist of "speculation and guesswork." The panel declined to order specific performance on the grounds that (1) Aerotel had not requested that remedy; (2) awarding damages for one part of the Contract and specific performance for another would be inappropriate; and (3) the Contract implied that compensatory damages were the preferred remedy.

Aerotel filed a motion to clarify, which was, in substance, a motion to reconsider, and which the panel denied. Aerotel then commenced this lawsuit seeking vacatur of the arbitral award.

## DISCUSSION

On appeal from a district court's decision confirming an arbitral award we review legal conclusions *de novo* and factual findings for clear error. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003). The Federal Arbitration Act ("FAA") authorizes, in relevant part, vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. §

2

10(a)(4). The Second Circuit also permits vacatur when arbitral awards are made in "manifest disregard of the law" that is "plainly evident from the arbitration record." *Duferco*, 333 F.3d at 388. Manifest disregard is not "mere error in the law or failure on the part of the arbitrators to understand or apply the law," but "may be found if the arbitrator understood and correctly stated the law but proceeded to ignore it." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation marks omitted).

The District Court, in a thorough oral ruling, concluded that "the panel's interim and final awards . . . reflect admirable care and attention, both to the law and the facts." Specifically, with regard to restitution, the panel looked at the applicable law and concluded that "the necessary preconditions for restitution" were not met because "IDT's breaches did not effectively deny Aerotel all, or substantially all, of the benefits of the 2009 agreement. Nor did IDT's actions constitute anything resembling a repudiation." With regard to damages for the domestic cards, the panel concluded that Aerotel had not met its burden of showing that IDT's breaches caused any damages suffered with respect to the domestic cards.

The District Court properly concluded that while another panel might have reached a different conclusion, the panel in this case, whether correctly or not, was unquestionably applying the governing law. The District Court also noted that "New York law gives arbitrators substantial power to fashion remedies," SPA 22 (citing *Sperry Int'l Trade, Inc. v. Gov't of Israel*, 689 F.2d 301, 306 (2d Cir. 1982)), and, accordingly, the decision to deny specific performance and instead grant lost profit damages was not in excess of its powers under the FAA. We agree. Accordingly, there are no grounds for vacating the arbitral award.

## CONCLUSION

For the reasons set out above and in the July 18, 2013 oral decision of the District Court, we **AFFIRM** the July 22, 2013 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court