■ WILLIAM CAPPIELLO et al., Respondents, v. WOODBURY COUNTRY CLUB, INC., Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered on June 16, 1971, removing an action pending in the Civil Court and consolidating it with this action, unanimously reversed, in the exercise of discretion, the motion denied and the action entitled *Woodbury Country Club* v. *Cappiello* is returned to the Civil Court of the City of New York, Queens County. Appellant shall recover of respondents $30 costs and disbursements of this appeal. The action now pending in the Civil Court, Queens County, is for $2,256.01, the balance due for the catering of a wedding reception. It is at issue and was noticed for trial for April 15, 1971. The Supreme Court action began December 18, 1970. Damages are sought on behalf of five members of the wedding party in the sum of $360,000 for illegal detention, defamation, conversion of property, mental distress, putting in fear and rescission, all resulting from a controversy which arose when the bill for the party was presented. We believe that the grant of consolidation was improvident. It is always incumbent on the court to scan such an application with great caution where the result will be considerable delay to a suit for services pending and ready for trial in a court of limited jurisdiction (*New York Yellow Cab Co. Sales Agency* v. *Courtlandt Garage & Realty Corp.*, 208 App. Div. 765). It would appear that the jurisdiction of the Civil Court would be ample to compensate the plaintiffs for any damages they might have suffered and if relief, rather than delay, were the object, a counterclaim in that court would have sufficed. Concur — Stevens, P. J., Markewich, Steuer, Tilzer and Macken, JJ.

■ BENJAMIN H. SINGER, Respondent, v. STANDARD OIL Co. (NEW JERSEY) et al., Appellants.— Order, Supreme Court, New York County entered on June 28, 1971, granting plaintiff's motion for leave to serve an amended complaint and denying defendants' cross motion to stay all proceedings in the action, unanimously affirmed, without prejudice to a reapplication by defendants-appellants to the court should it develop that there is either delay or duplication of effort in the prosecution of the New York action. Respondent shall recover of appellants $30 costs and disbursements of this appeal. Concur — Markewich, J. P., Kupferman, Murphy and Macken, JJ.