■ J. Henry Schroder Bank & Trust Company, Respondent-Appellant, v South Ferry Building Co., Appellant-Respondent, and Pincus Iseson & Co., Respondent. — Order, Supreme Court, New York County (Maresca, J.),

entered January 8, 1982, which denied defendant landlord's motion to dismiss the six causes of action alleged in the complaint; granted plaintiff tenant's cross motion to remove a summary proceeding against it from Civil Court and to consolidate that proceeding with a pending Supreme Court action between the parties; and denied that portion of plaintiff's cross motion which sought priority of examination; unanimously modified, on the law, without costs and disbursements, to the extent of denying plaintiff's cross motion to remove and to consolidate the summary proceeding, and granting defendant leave to plead the Statute of Limitations and "short notice" provision as affirmative defenses, and, except as thus modified, affirmed. Schroder is a major tenant at a building owned by South Ferry under a lease which provides for the imposition of additional rent to reflect any increase in operating expenses. A procedure is provided for the resolution of any disputed charges, but the tenant is obliged to pay the charges pending determination of the dispute. In 1979 South Ferry tendered a demand for additional rent for operating expenses, which Schroder not only disputed but also refused to pay. South Ferry then instituted a summary nonpayment proceeding in the Civil Court which resulted in an order directing the parties to arbitration pursuant to the lease, and otherwise stayed the summary proceeding. Appellate Term vacated the stay on the ground that Schroder's refusal to pay its proportionate share of operating costs pending resolution of the dispute was a default in the payment of additional rent. Leave to appeal was denied by this court on March 23, 1982. In the meantime Schroder had commenced an action in the Supreme Court for, *inter alia,* refunds of additional rent paid for 1972-1978, and a declaration of the rights of the parties under the lease. South Ferry moved to dismiss and Schroder cross-moved for removal of the summary proceeding and consolidation with the Supreme Court action, and for priority of examination. Except for dismissing a portion of the third cause of action (for overcharges paid prior to November 12, 1974) South Ferry's motion was denied. Removal and consolidation were granted. Special Term erred in removing and consolidating the summary proceeding with the Supreme Court action. South Ferry was within its rights in pursuing the summary proceeding since under the terms of the "pay now/fight later" clause, Schroder was clearly in default. Any overcharges may be recovered in the Supreme Court action but until the dispute is resolved Schroder is obliged to make payment. The dilemma in which Schroder finds itself was obviously anticipated by the parties, as the lease provides for this particular contingency. Both parties were represented by counsel in the drafting of the lease, which is not a contract of adhesion. Moreover, consolidation is inappropriate when common questions of law or fact are not presented. (CPLR 602.) The summary proceeding is based on Schroder's failure to pay 1979 escalation charges. Resolution of this issue does not require the Civil Court to determine the merits of Schroder's overbilling claims for the years 1972 through 1978. The Civil Court will determine only South Ferry's right to interim payment of 1979 operating expense escalation. It is error to consolidate a summary proceeding with a Supreme Court action when no basis exists for such consolidation and the result is delay of the summary proceeding. (See *Lun Far Co. v Aylesbury Assoc.,* 40 AD2d 794; *Cappiello v Woodbury Country Club,* 37 AD2d 815.) Special Term properly denied South Ferry's motion to dismiss the six causes of action alleged in the complaint. The first cause of action, which alleges that Schroder overpaid South Ferry $800,000 for electrical service "by mistake", meets the essential pleading requirements of CPLR 3016 (subd [b]), as construed in *Foley v D'Agostino* (21 AD2d 60). The complaint alleges that, in violation of the lease, Schroder was billed more in electric bills than South Ferry paid to the utility. Whether, in the circumstances, such facts entitle Schroder to a refund is a question of fact to be

determined at trial. But the essence of the claim and the damages sought are readily ascertainable from the complaint. Likewise, the second cause of action sufficiently establishes the substance of a justiciable controversy on which to predicate a claim for fraud in the conduct of an electrical energy survey at the commencement of the lease. Schroder claims that the survey did not accurately measure electrical usage, and it offers the lease as proof that its liability for electric bills was to be limited to actual usage. Nor has South Ferry, because of uncertainty as to when the survey took place and when Schroder should have been charged with knowledge of its alleged deficiencies, established that the Statute of Limitations bars the grant of an injunction mandating a new survey. South Ferry argues that all claims under the third cause of action, except the claim for 1979 operating expense escalation, are barred by the "60-day notice" provision in the lease. Because it is alleged that the statements certifying the maintenance expenses were falsely prepared and presented and, in particular, omitted that South Ferry had been fully reimbursed from other sources, a question of fact arises as to whether the "60-day notice" clause constitutes a bar. South Ferry's argument that Schroder has not alleged facts which, if true, would raise an equitable estoppel, is belied by the complaint itself. South Ferry claims that the fourth cause of action, which alleges that misleading statements of account were prepared by its accountant, contains no new allegations of wrongdoing on its part. But the allegations that South Ferry hired the accountant and that the statements were used by it to extract additional sums constitute facts, which, if true, are distinct from the wrongdoing attributed solely to South Ferry in the other causes of action. The placement in a separate cause of action of the claim for overpayments of New York City occupancy tax, instead of including it as an element of damages in one of the other claims, is neither inappropriate nor grounds for dismissing the fifth cause of action. Damages, if and when established, will be limited to actual losses, and Schroder will not be entitled to recovery twice for the same loss. In refusing to dismiss part of the first cause of action and the second cause of action because of the bar of the Statute of Limitations, and the pre-1979 portions of the third and fifth causes of action, because of the bar of the 60-day notice provision, on the ground that disputed questions of fact exist, Special Term, however, should have granted South Ferry leave to plead the Statute of Limitations or "short notice" provision as affirmative defenses. When equitable estoppel is raised to defeat a motion to dismiss on the ground that the action is time barred, a defendant is nevertheless entitled to a trial on the question of whether fraudulent concealment actually took place. (*Erbe v Lincoln Rochester Trust Co.,* 13 AD2d 211, app dsmd 11 NY2d 754.) Finally, plaintiff has not established any "special circumstances" which would warrant a change in the priority of examination usually accorded a defendant (see *Goldberg v Freedman,* 33 AD2d 754), particularly since the experts for the parties have already met and exchanged information. Concur — Sullivan, J. P., Carro, Fein and Milonas, JJ.