OPINION OF THE COURT
David B. Saxe, J.
Does a “pay now — fight later” clause that pertains to the payment of “operating expense escalation rent” in a commercial lease, mean what it says?
The essential facts are as follows: The petitioner in this nonpayment summary proceeding is South Ferry Building Company (South Ferry), the owner of a large commercial building at One State Street Plaza in downtown Manhattan. The respondent is South Ferry’s largest tenant, J. Henry Schroder Bank & Trust Company (Schroder Bank).
In their lease signed in 1969, Schroder Bank contracted to pay to South Ferry, as “additional rent”, 37.452% of the annual increase in the cost of operating and maintaining the building. This amount was deemed the “operating *1046 expense escalation rent.” The Schroder Bank specifically agreed that in the event of a dispute regarding “operating expense escalation rent”, they would nevertheless pay the sum in full pending resolution of that dispute. This clause, known as a “pay now — fight later” clause, gave South Ferry the right to use any disputed sums while it and the bank resolved any differences regarding the amount of operating escalation rent payable by the bank.
In 1980, South Ferry billed Schroder Bank for operating expense escalation rent incurred for the calendar year 1979. Schroder Bank argued that it owed no operating expense escalation rent, because payments that South Ferry was receiving from other tenants under a so-called “porters wage escalation” clause in their leases more than recompensed South Ferry for any increase in the cost of running the building during the previous year. By stipulation, the 1980 operating expense escalation rent supplemented the original petition. A series of lawsuits between the parties ensued. In particular, however, shortly after this summary proceeding was started, Schroder Bank sought, among other things, to stay this proceeding pending arbitration of the dispute. The Civil Court granted the Schroder Bank’s motion for a stay pending arbitration. On January 6, 1981, the Appellate Term reversed this determination holding that Schroder Bank could not withhold payment of the disputed operating expense escalation rent pending resolution of the dispute over how much ultimately was owed, due to the inclusion in the lease of the “pay now — fight later” clause: “We read that provision to mean that the landlord is entitled to ‘prompt’ payment of the Bank’s share of increased costs of building maintenance ‘as demanded’ in its certified accountant’s statement — despite the fact that the Bank disputes some of the items in the demand. The manifest intent of the parties, as evidenced by the language they employed, was that ‘pending the determination of any dispute’, the landlord would be paid the amount in dispute”.
The Schroder Bank moved in the Appellate Term for reargument or leave to appeal, but the court refused to reconsider its ruling. The bank then moved in the Appel *1047 late Division for leave to appeal. That motion was denied also.
It is South Ferry’s contention that (1) pursuant to the parties’ stipulation, the Appellate Term’s decision is now a “final order”, governing the resolution of the dispute over 1979 and 1980 operating expense escalation rent; and (2) that the “final order” obligates the bank to pay the disputed sum to South Ferry presently and fight about whether the amount demanded was properly computed at a later point. On the basis of the “final order” and the Schroder Bank’s refusal to pay, South Ferry has moved for summary judgment. (CPLR 3212, subd [b].)
It is the principal contention of the Schroder Bank, in opposition to South Ferry’s motion for summary judgment that the accountant’s certification furnished by South Ferry, as a condition precedent under the lease for recovery of the operating expense escalation rent was deficient. South Ferry, although disputing the Schroder Bank’s argument directed at the sufficiency of the accountant’s certification states the doctrine of law of the case applies here in view of the fact that both the Appellate Term and the Appellate Division have held that the “pay now — fight later” clause in the lease, requires payment of any disputed sum while the parties resolve the dispute over the correctness of South Ferry’s demand for additional rent.
The law of the case doctrine has been stated as follows: “When a court makes a legal determination in a case, that determination * * * becomes the law of the case and controls when the question which led to it is again presented in that same case.” (1 Carmody-Wait 2d, NY Prac, § 2:64, p 76.)
Both the Appellate Term and the Appellate Division have clearly held that, because of the “pay now — fight later” clause South Ferry is entitled to payment of any disputed sum while the parties resolve the dispute over the correctness of South Ferry’s demand for additional rent. Thus, that finding is law of the case here.
It is apparently the position of the Schroder Bank that the Appellate Term never considered the issue of whether or not South Ferry had complied with all conditions prece *1048 dent to demand additional rent and to maintain this proceeding (i.e., the use of an improper accountant’s certification).
Schroder Bank’s position in this regard is incorrect. The Appellate Term’s decision on the. “pay now — fight later” clause stated: “In compliance with the terms of the lease, petitioner served a certified accountant’s statement in March 1980 detailing the Bank’s proportionate liability for the escalation in operating costs for the calendar year 1979”; and “The Bank’s refusal to pay its proportionate share of increased operating costs, as demanded, was a default in the payment of additional rent which gives rise to a summary proceeding for nonpayment.” The Appellate Term had the accountant’s letter of certification before it and found that the Schroder Bank was in default under the “pay now — fight later” clause. This decision bars the bank’s conditional precedent defense based upon an improper certification.
Under the doctrine of law of the case, the Appellate Term decision is binding on this court. (Matter of Barton Realty Corp. v Mangan, 25 AD2d 730, 731.)
But, even if the law of the case doctrine was inapplicable, I would find no merit in Schroder Bank’s principal argument based upon an improper accountant’s certification. For example, Schroder Bank claims that the accountant’s certification upon which a demand for payment must be predicated did not conform to the requirements of the lease. The lease required a statement: “certified to be accurate and in accordance with generally accepted accounting principles and auditing principles consistently applied to the Real Estate Industry and to the Operation and Maintenance of similar Buildings.”
The certification furnished by the accountants for South Ferry, for every year since 1973, and for the years in question here, said:
“We have prepared the attached Statement of Cost of Operation and Maintenance for the year 19__This statement was prepared in accordance with generally accepted accounting principles consistently applied to the real estate industry.
*1049 “In our opinion, the aforementioned Statement correctly reflects, in accordance with the terms of your lease with J. Henry Schroder Banking Corp., as amended, the cost of operations and maintenance of your property for the year 19__
“Pincus Iseron & Co.”
Schroder claims that the purported “certification” of Pincus Iseron & Co. (Pincus Iseron), accountants, did not, as the lease required, certify the cost of operation and maintenance “to be accurate”, did not certify that the accountants “were employed by landlord for the audit of its accounts”, did not certify that the “statement was in accordance with generally accepted auditing principles”, and did not certify that the statement was in accordance with generally accepted accounting principles and auditing principles consistently applied “to the operation and maintenance of similar buildings”.
For two reasons, I find that Schroder Bank’s position is untenable. First, the certification employed by the accountants substantially complies with the lease requirements.
Secondly, the doctrine of practical construction is applicable to this form of certification which has accompanied every demand for payment sent by South Ferry since the first demand was delivered in 1973. The doctrine is stated as follows: “When * * * parties * * * guided by self-interest, enforce * * * [a contract] for a long time by a consistent and uniform course of conduct, so as to give it a practical meaning, the courts will treat it as having that meaning, even if as an original proposition they might have given it a different one.” (City of New York v New York City Ry. Co., 193 NY 543, 548.) It is applicable here where Schroder Bank has never raised any objection to the form of certification furnished each year by South Ferry. It is evident then that certification required by the lease did not have to track the words of the lease in haec verba, so long as the statement was certified to be in accordance with the terms of the lease.
*1050 Berkeley Assoc. Co. v Revere Garage Corp. (NYLJ, Aug. 6, 1980, p 11, col 1 [App Term, 1st Dept]), cited by Schroder Bank to support its contention that certification which does not strictly follow the language of the -lease is defective, is not applicable here. Berkeley dealt with the issue of whether the lease required the tenant’s accountant to perform certain procedures or whether to warrant that the tenant’s statement of receipts accurately represented the entries in the tenant’s own books. Thus, the wording of an accountant’s certification which is at issue here, was not before the court in the Berkeley case.
South Ferry has engaged in a consistent course of conduct in providing a letter of certification in the form utilized for the past seven years. The bank has always accepted the form. This, I find, gives rise to a practical construction of the certification requirement contained in the lease, namely, that the certification need not recite every word set forth in the lease in order to be effective. Therefore, under the doctrine of practical construction, I determine that the form of certification utilized by South Ferry complies with the requirements of the lease. (City of New York v New York City Ry. Co., 193 NY 543, 548, supra; Hart v Hellman Co., 17 AD2d 438, affd 13 NY2d 633; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 128.)
The other defenses raised by the bank are not impediments to the relief requested. I have dealt with them in a decision and order dictated on the record. There is no merit to these defenses.
Summary judgment is warranted where there is no dispute as to any fact material to the movant’s claim (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). That is clearly the case here.
The clerk is directed to enter a final judgment as demanded in the petition. The warrant shall issue immediately with a five-day stay of its execution.