OPINION OF THE COURT

Per Curiam.

Final judgment entered July 20,1982 modified by calculating the amount of interest awarded as follows: on $501,249.21 from April 13, 1980 and on $743,015.99 from July 2, 1981; as modified, final judgment affirmed, with $25 costs.
In a prior appeal, this court sustained the validity of the so-called “pay now-fight later” provision in the parties’ commercial lease relating to tenant’s obligation for additional rent attributable to the increased costs for building *596 operations and maintenance (South Ferry Bldg. Co. v Schroder Bank & Trust Co., NYLJ, Jan. 8,1982, p 5, col 1). We stated “the landlord is entitled to ‘prompt’ payment of the [tenant’s] share of increased costs of building maintenance ‘as demanded’ in its certified accountant’s statement — despite the fact that the [tenant] disputes some of the items in the demand. The manifest intent of the parties, as evidenced by the language they employed, was that ‘pending the determination of any dispute’, the landlord would be paid the amount in dispute; after resolution (arbitration) of the dispute, reimbursement or adjustment would be made * * * if necessary.” The record indicates that landlord, with respect to the operating expenses for the years 1979 and 1980, submitted certified accountant’s statements in compliance with the lease detailing tenant’s liability for the annual escalation in operating costs; it is conceded that tenant received those statements. Landlord, having thus complied with the condition precedent to invocation of the “pay now-fight later” clause, is entitled to the timely payment of the amounts demanded in the statements notwithstanding tenant’s objections to those amounts and pending any dispute resolution which may be had. No factual issue exists for trial and Civil Court correctly granted landlord’s motion for summary judgment.
In calculating the interest awarded on the monetary aspect of the judgment, Civil Court determined that interest on the escalation in operating costs for a given year should accrue on January 1 of the following year. However, pursuant to the lease, payment of the escalation in operating costs was not due until 30 days following the presentation of landlord’s demand. Thus, interest awarded on the sums demanded should not accrue until that date, and we have modified accordingly.
Sullivan, J. P., Sandifer and Parness, JJ., concur.