(October 1, 1992)

■ Wilfred J. Halpern, Appellant, v Irwin Selkow et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 9, 1990, which denied plaintiff's motion to remove an action entitled *Selkow v Halpern* (Rockland County index No. 889/88) from Rockland to New York County and order it jointly tried with the within action, unanimously affirmed, without costs.

A review of the record reveals that the within action, which has lain dormant since 1980, arises from breach of an alleged oral partnership agreement between plaintiff and defendant Selkow by Selkow's failure to include plaintiff in several real estate syndications. The Rockland County action with which plaintiff wishes to join the within action is a shareholder's derivative action brought by Selkow on behalf of several corporations against plaintiff based on allegations of recent misapplication of corporate funds involving a real estate syndication in which plaintiff and Selkow did participate. Plaintiff argues that these actions have material questions of law or fact in common, thereby warranting joinder pursuant to CPLR 602 *(see, Schroder Bank & Trust Co. v South Ferry Bldg. Co.,* 88 AD2d 570). This argument, including plaintiff's stated intention to assert an offset defense upon joinder, rests totally on the supposition that the Rockland County action will eventually be deemed a partnership accounting upon a finding that the corporate entities which he is charged with having looted are shams. Since, on the record before us, we have no basis to determine that such a resolution of the Rockland County action is either likely or warranted by the facts, plaintiff's argument must be rejected. Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.