THE HOME INSURANCE COMPANY, etc., Petitioner,

v.

RHA/PENNSYLVANIA NURSING HOMES, INC., Respondent.

No. 00 Civ. 3994(LAK).

United States District Court, S.D. New York.

Oct. 2, 2000.

**634**

Emilie L. Bakal, Mound, Cotton & Wollan, New York City, for Petitioner.

Christopher Carlsen, Condon & Forsyth LLP, William T. Plybon, Alston & Bird LLP, New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is a proceeding under Section 9 of the Federal Arbitration Act (the "Act")[1] to confirm an arbitration award. Respondent has cross-moved to dismiss the petition principally on the ground that the Court lacks subject matter jurisdiction.

■ The arbitration clauses here at issue neither provide for the entry of judgment confirming awards made pursuant to them nor incorporate any arbitration rules that so provide. The essence of respondent's position is that confirmation may not be granted because Section 9 of the Act permits confirmation only where "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration ..." They rely on *Varley v. Tarrytown Associates, Inc.*,[2] the continued vitality of which is disputed by petitioner.

*Varley* is squarely in point and requires dismissal if it still is binding on this Court. And while one judge in this district long ago concluded that *Varley* was a dead letter,[3] subsequent developments have demonstrated that reports of its demise were premature. *Smiga v. Dean Witter Reynolds, Inc.*[4] decided twelve years after *Harris*, demonstrates that the Circuit then still regarded *Varley* as alive and well.[5] In consequence, this Court is bound to apply *Varley*. The petition therefore fails to state a claim upon which relief may be granted and the cross-motion must be granted. That, however, is not necessarily the end of the matter.

It is significant to note that respondent misconceives the nature of the argument upon which it has prevailed. Subject matter jurisdiction here is conferred by Section 1332 of the Judicial Code[6] on the basis of diversity of citizenship, not by the Federal Arbitration Act. Hence, the respondent's argument is more properly characterized as a contention that the petition does not state a claim upon which relief may be granted than as a challenge to subject matter jurisdiction. The Court therefore must consider whether the flaw in the petition is fatal to petitioner's case or whether the petition might be amended to state a legally sufficient claim.

■ Petitioner no doubt invoked the Federal Arbitration Act here because the agreements containing the arbitration clauses in question involve commerce and thus come within its terms.[7] The Act, moreover, preempts state law to some degree.[8] The scope of that preemption, how-

1. 9 U.S.C. § 9.

2. 477 F.2d 208 (2d Cir.1973).

3. *See Harris v. Brooklyn Dressing Corp.*, 560 F.Supp. 940 (S.D.N.Y.1983).

4. 766 F.2d 698, 705 (2d Cir.1985), *cert. denied*, 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986).

5. There are exceptions to *Varley. See, e.g., Kallen v. District 1199*, 574 F.2d 723 (2d Cir.1978); *I/S Stavborg v. National Metal Converters, Inc.*, 500 F.2d 424 (2d Cir.1974); *In Matter of Kaystar Tarim Urunleri Sanayi Ve Ticaret Ltd., Spring Tree Corp.*, No. 96 Civ. 9392(LMM), 1997 WL 160639, \*3 (S.D.N.Y. Apr. 7, 1997). None is applicable here.

6. 28 U.S.C. § 1332.

7. *See* 9 U.S.C. § 2.

8. *See generally Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Doctor's Associates, Inc. v. Hamilton,*

ever, has not been addressed by the parties, and its extent is important because New York law does not appear to condition confirmation of an arbitration award upon an agreement contemplating judicial enforcement of awards.[9] Hence, the petition might be amended to state a legally sufficient claim for confirmation of the award under New York law. The Court therefore will dismiss with leave to amend.[10]

For the foregoing reasons, respondent's cross-motion to dismiss the petition is granted to the extent that the petition is dismissed for failure to state a claim upon which relief may be granted. Petitioner may file an amended petition no later than October 15, 2000.

SO ORDERED.

---

150 F.3d 157, 162 (2d Cir.1998), *cert. denied*, 525 U.S. 1103, 119 S.Ct. 867, 142 L.Ed.2d 769 (1999).

9. *See* N.Y. CPLR § 7510 (McKinney 1998).

10. Respondent seeks dismissal also on the grounds of insufficiency of process and of service of process in that no summons was served with the petition. The argument is without merit. Section 9 of the Act contemplates only that "notice of the application" to confirm the award be served, not a summons. 9 U.S.C. § 9. Respondent was served with a notice of petition, thus satisfying that requirement. While the notice arguably was insufficient in failing to give notice of the period in which a response was required, any such defect has been cured by the Court's action in vacating the original order granting the petition and affording respondent a full opportunity to be heard.