**THE HOME INSURANCE COMPANY, etc., Petitioner,**

**v.**

**RHA/PENNSYLVANIA NURSING HOMES, INC., Respondent.**

**No. 00 CIV. 3994(LAK).**

United States District Court, S.D. New York.

Jan. 16, 2001.

Emilie L. Bakal, Mound, Cotton & Wollan, New York City, for Petitioner.

Christopher Carlsen, Condon & Forsyth LLP, William T. Plybon, Alston & Bird LLP, Atlanta, GA, for Respondent.

## MEMORANDUM OPINION

### (Corrected)

KAPLAN, District Judge.

Petitioner here seeks confirmation of an arbitration award in the amount of $408,560 rendered against respondent.

### Facts

Petitioner is an insurance company and respondent an owner and operator of nursing homes. They are parties to two policies of insurance and related premium agreements, effective December 1, 1992 and December 1, 1993, each of which contains an arbitration clause.

Petitioner claims that respondent has failed to pay premiums due under the agreements. By letter dated September 10, 1997, it demanded arbitration seeking money damages, costs and interest. An arbitration panel consisting of one arbitrator appointed ·by each party and a third individual has been constituted.

Petitioner requested in its pre-hearing brief that the arbitration panel issue an interim award directing respondent to pay all premiums not disputed by it. On February 28, 2000, the panel issued a unanimous award in which it determined, *inter alia*, that respondent had conceded that it owed petitioner $408,560 and ordered respondent to pay that sum to petitioner "[w]ithout further delay." [1]

By letter dated February 28, 2000, respondent moved the panel to reconsider its award, contending that it never had conceded liability for the $408,560 but merely had referred to a willingness to pay that sum for purposes of settlement.[2] It went on to argue that the panel might ultimately determine that its liability to petitioner might be less than $408,560 if the panel were to award respondent its attorney's fees and costs.[3] In a subsequent decision, however, the arbitration panel unanimously affirmed its February 28 award in the respect relevant here.[4]

The initial petition sought confirmation of the award solely under the Federal Arbitration Act (the "FAA"),[5] but the Court granted respondent's motion to dismiss because the arbitration agreement under which the award was rendered did not provide for entry of judgment on the award.[6] Petitioner then amended its pleading to seek confirmation also under the New York Civil Practice Law and Rules. The matter now is before the

---

1. Amended petition ("Am.Pet.") Ex. A.

2. Response to petition Ex. A.

3. *Id.*

4. Am. Pet. Ex. B.

5. 9 U.S.C. § 1 *et seq.*

6. *Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc.,* 113 F.Supp.2d 633 (S.D.N.Y. 2000) (following *Varley v. Tarrytown Assoc., Inc.,* 477 F.2d 208 (2d Cir.1973)).

Court once more on the amended petition and respondent's cross-motion to dismiss.

## Discussion

### I. Federal Arbitration Act

Although the Court already has ruled adversely to it on the point, petitioner renews its contention that the award may be confirmed under Section 9 of the FAA notwithstanding *Varley v. Tarrytown Associates*,[7] in which the Second Circuit held that a federal court may not confirm an arbitration award under the FAA unless the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award . . . ."[8] It maintains that subsequent holdings by the Circuit have narrowed *Varley* substantially and that this award comes within the exceptions rather than the rule of that case. It relies principally on *I/S Stavborg v. National Metal Converters, Inc.*[9] and *Kallen v. District 1199, National Union of Hospital and Health Care Employees*[10] and their district court progeny but it is important to begin with *Varley*.

*Varley* involved an arbitration clause that provided only that any controversy arising under the contract in question "shall be settled by arbitration pursuant to the rules of the American Arbitration Award." There was no provision for entry of judgment upon any arbitration award. The petitioner obtained an award against the respondent and then sought confirmation in federal court. Although the Court of Appeals agreed that the contract involved interstate commerce and thus fell within the Act, it held that the failure of the contract to provide for the entry of judgment on the award precluded confirmation in federal court in light of that portion of Section 9 that permits confirmation only where the parties "in their agreement have agreed that a judgment of the court shall be entered upon the award . . . ."[11] In so doing, it relied upon the facts that the AAA's recommended form of arbitration clause, which the parties had not used, provided for entry of judgment on an award and that its rules did not provide for entry of judgment absent the recommended language.[12]

*I/S Stavborg* was the Circuit's next exploration of this territory. That case involved a dispute over payment of freight due under a charter party agreement that contained an arbitration clause that provided that the decision of the arbitrators "shall be final" but that failed to provide explicitly for the entry of judgment on any award. The dispute was submitted to arbitration without apparent resistance from either side and decided by the panel. The district court heard and decided a motion to vacate or modify, and entered judgment on, the award without objection as to its jurisdiction. On appeal, however, the charterer objected for the first time to the entry of judgment below on the authority of *Varley*.

The Court of Appeals rejected the charterer's *Varley* argument. It began by noting that *Varley* had not required explicit agreement to the entry of judgment on an award.[13] It then went on to examine whether the parties in *I/S Stavborg* implicitly had agreed to entry of judgment on any award. First, it noted that the parties had agreed explicitly that any arbitral award "shall be final."[14] Second, it reasoned that the parties could not have been concerned that an award might be enforced in federal court because "the substantive law to be applied to interpretation of the contract itself is federal maritime

---

**7.** 477 F.2d 208 (2d Cir.1973).

**8.** *Id.* (quoting 9 U.S.C. § 9).

**9.** 500 F.2d 424 (2d Cir.1974).

**10.** 574 F.2d 723 (2d Cir.1978).

**11.** *Varley,* 477 F.2d at 210 (quoting 9 U.S.C. § 9) (internal quotation marks omitted).

**12.** *Id.*

**13.** *Id.* at 426.

**14.** *Id.*

law ...." [15] Finally, it pointed out that the charterer that objected to the district court's entry of judgment on the award had itself invoked the FAA and the aid of the district court by moving to vacate or modify the award.[16] Accordingly, the Circuit concluded in those circumstances that "both parties in fact consented to the entry of judgment on any arbitral award entered ...." [17]

*Kallen,* the third case in the trilogy, concerned a collective bargaining agreement that contained an arbitration clause and that provided also that the decision of the arbitrators would be final. The union obtained a substantial award against the employer for unpaid benefit plan contributions, and the employer petitioned the state court to vacate the award. The union removed the proceeding to federal court and moved to confirm. The employer rejoined by moving to remand the proceeding to state court for lack of jurisdiction, contending that the lack of an explicit provision in the collective bargaining agreement providing for entry of judgment on an arbitration award was fatal to federal jurisdiction in light of *Varley.* The Circuit, however, rejected the employer's argument on the strength of *I/S Stavborg,* noting that "federal law would apply to interpretation of the collective bargaining agreement" and that the collective bargaining agreement provided that arbitral awards would be final and conclusive.[18] Indeed, the only difference between *Kallen* and *I/S Stavborg* is that the party objecting to jurisdiction in the latter case first had invoked federal jurisdiction whereas the party objecting to jurisdiction in *Kallen* had been consistent in that position.

This line of authority is susceptible of different interpretations. Certainly it might be argued that the fact that an arbitration clause provides that the decision of the arbitrators shall be final was not alone regarded by the Circuit as a sufficient basis from which to infer an implicit agreement to permit entry of judgment on an award. If the finality provision alone were sufficient basis for confirmation under the FAA, there arguably would have been no need in *I/S Stavborg* and *Kallen* to emphasize the fact that the disputes that were the subjects of the arbitrations there at issue were governed by federal substantive law, a circumstance absent in *Varley.* Indeed, that was this Court's initial view of the matter. On further reflection, however, the Court now views the matter differently.

■ As a practical matter, parties who agree not only to arbitrate their disputes, but that any award shall be final, intend that any such award may be enforced in the courts. And perhaps that is all the FAA requires. But there is no reason to reach so far in this case. The Circuit in *I/S Stavborg* and *Kallen* has held that Section 9 of the FAA is satisfied where the arbitration clause contains a finality provision and the substantive law governing the dispute submitted to arbitration is federal, a factor bearing on whether the parties intended federal as opposed to state court enforcement of awards. In this case, the arbitration clause contains a finality clause. While the substantive law governing the underlying dispute is state rather than federal, the contracting parties are of diverse citizenship. In consequence, they must have contracted with reference to the availability of a federal forum for enforcement of any award. Accordingly, this Court concludes that parties implicitly agreed to the entry of judgment on any arbitration award and that such a judgment might be sought in federal court. This Court therefore may confirm the award under the FAA.[19]

---

15.   500 F.2d at 427.

16.   *Id.*

17.   *Id.*

18.   574 F.2d at 726.

19.   It is worth noting that the language and reasoning of *Varley, I/S Stavborg* and *Kallen* are somewhat confusing, both in phrasing the

## II. Finality

Section 10(a)(4) of the FAA requires that an award be "mutual, final and definite" as a prerequisite to confirmation.[20] Respondent argues that this award does not meet that standard both because the award reflects only a settlement offer and not an adjudicated disposition and that it in any case is an interlocutory order entered before the arbitration actually has taken place. It is useful at the outset, however, to address the practical commercial reality actually at issue here.

Petitioner and respondent are parties to a commercial relationship, here that of insurer and insured, in which petitioner renders services more or less continuously and respondent pays for those services, at least in some circumstances and to some extent, after the fact. Such relationships are commonplace throughout the economy, and they lead to a particular sort of problem exemplified by this case.

In any situation in which a supplier/provider delivers goods or services prior to payment in full, a dispute may arise in which the supplier/provider claims to be owed a sum larger than the customer admits is due. Sometimes the entire amount claimed is a subject of legitimate dispute. On other occasions, however, any fair minded person would see (and sometimes the customer even concedes) that the customer clearly owes the supplier/provider something while only the balance is legitimately disputed. When that occurs, the customer may exert a good deal of economic leverage by withholding amounts that obviously are due to the supplier/provider, thus inducing the supplier/provider to compromise the genuinely disputed portion of its claim on terms advantageous to the customer simply to get the customer to pay the portion as to which there is no genuine dispute.[21] While this advantage could not exist without the law's delays, exist it does. Indeed, the problem is sufficiently recognized that sophisticated suppliers/providers sometimes insist on contractual provisions that deprive their customers of the ability to withhold undisputed and even disputed amounts during the pendency of litigation or arbitration to resolve disputes.[22]

question in terms of subject matter jurisdiction and in focusing on whether the parties intended that an arbitral award be enforceable in federal as well as in state court. In this Court's view, the question is better analyzed from a different point of view.

To begin with, the FAA does not confer subject matter jurisdiction on the district courts. *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765. In consequence, any federal court petition for confirmation of an award under that statute must be grounded in an independent basis of jurisdiction. *See Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir.2000). Thus, the question whether a petition satisfies Section 9's requirement of an agreement for entry of judgment on an arbitration award, strictly speaking, goes only to whether the petition states a claim upon which relief may be granted, *see* FED. R. CIV. P. 12(b)(6), and not to subject matter jurisdiction. Moreover, the existence of federal subject matter jurisdiction over a petition to confirm an arbitration award under the FAA should not turn on whether the parties to the arbitration clause intended federal court enforcement. *But see*

*I/S Stavborg*, 500 F.2d at 427; *Kallen*, 574 F.2d at 726. Indeed, the intention of the parties ought to be immaterial, as litigants cannot confer jurisdiction on federal courts by agreement. *See Insurance Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167, 60 S.Ct. 153, 84 L.Ed. 167 (1939). As this Court concludes that federal court confirmation is appropriate within the parameters of the Circuit's existing cases, however, the Court need not rely on its own view of these issues.

**20.** 9 U.S.C. § 10(a)(4) (award must be "mutual, final, and definite").

**21.** *See Frankel v. ICD Holdings S.A.*, 930 F.Supp. 54, 60 (S.D.N.Y.1996).

**22.** This is well illustrated by a commercial landlord-tenant dispute in which the New York courts held that a tenant was obligated by a lease provision to pay promptly, subject to a later suit for a refund, a landlord's claim for certain additional rent, notwithstanding

Here, petitioner commenced the arbitration to recover unpaid premium balances that it claims are due from respondent. In light of the pre-hearing submissions, the arbitrators—including respondent's own appointee—concluded that respondent concededly owed petitioner at least $408,560 and entered an award requiring respondent to pay that amount promptly, even before proceeding to hearings on the remaining portion of petitioner's claim. In substance, then, they concluded that respondent should not be permitted to exercise leverage by withholding over $400,000 that it clearly owed petitioner. Viewed against this background, respondent's contentions are readily disposed of.

■ Respondent begins by contending that the arbitrators erred in concluding that respondent conceded that it owed the $408,560. But a petition to confirm an arbitration award is a summary proceeding in which the award is entitled to great deference by the reviewing court.[23] "[T]he showing required to avoid summary confirmation of an arbitration award is high ..."[24] Moreover, a party seeking to vacate an award bears the burden of providing the reviewing court with a record sufficient to permit the exercise of informed judgment in accordance with the applicable scope of review.[25]

Here, the only evidence respondent has submitted is its February 28, 2000 letter to the panel in which it asserted that the arbitrators had erred in concluding that respondent had conceded that it owed at least $408,560 because it had mentioned that figure only as a settlement offer. The arbitrators, however, rejected respondent's contention and directed that the $408,560 be paid "[w]ithout further delay."[26] Respondent has not submitted a shred of proof to this Court to support its contention. Accordingly, there is no basis upon which this Court properly could disturb the panel's determination that respondent conceded before it that it owed petitioner at least $408,560.

■ The more interesting question is whether the panel's pre-hearing direction for payment satisfies the finality requirement of Section 10(a)(4). This award plainly does not resolve all of the claims of all of the parties, leaving nothing further for resolution by the arbitrators. But the FAA, like Section 1291 of the Judicial Code,[27] does not in all circumstances require finality in that sense. For example, an arbitration award that fully disposes of a separate and independent claim is final for purposes of confirmation under the Act even if other claims remain pending.[28] And the award in question here certainly is final in a very important respect—it has determined that petitioner is entitled to possession of the $408,560 during the pen-

the existence of a *bona fide* dispute as to whether the amounts claimed were properly due under the terms of the lease. *J. Henry Schroder Bank & Trust Co. v. South Ferry Bldg. Co.*, 88 A.D.2d 570, 571, 451 N.Y.S.2d 86, 88–89 (1st Dept.1982); *South Ferry Bldg. Co. v. J. Henry Schroder Bank & Trust Co.*, 122 Misc.2d 595, 596, 473 N.Y.S.2d 94, 95 (N.Y.Supp.App.Term 1983), *mod'g*, 114 Misc.2d 1045, 453 N.Y.S.2d 563 (N.Y.City Civ.Ct.1982).

**23.** See *Hill v. Staten Island Zoological Society*, 147 F.3d 209, 212 (2d Cir.1998).

**24.** *Rocket Jewelry Box. Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174 (2d Cir.1998) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997)).

**25.** *Willemijn Houdstermaatschappij*, 103 F.3d at 12.

**26.** Am. Pet. Ex. A.

**27.** 28 U.S.C. § 1291.

**28.** *E.g., Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 281 (2d Cir.1986).

This principle is somewhat analogous to FED. R. CIV. P. 54(b), which permits entry of a judgment final for appellate purposes where the order in question disposes of "fewer than all of the claims or parties" where there is no just reason for delay and upon express direction of the court.

dency of the arbitration and any subsequent proceedings with respect to the award. Whether that is viewed as a separate and independent claim or as a collateral order that is "final" for purposes of confirmation even while the substantive dispute between the parties continues before the panel, it is a predicate sufficient for invocation of the FAA. Moreover, the order for immediate payment is analogous to an equitable decree and immediately enforceable on that ground as well.

Certainly there are cases supporting the view that the arbitrators' determination to award immediate possession of a sum they viewed as concededly owed is separate from the controversy surrounding the petitioner's claim for additional sums. In *Metallgesellschaft A.G. v. M/V Capitan Constante*,[29] for example, an award in favor of a vessel owner against its charterer for freight was held to be separate from and independent of the charterer's claim for short delivery and therefore immediately confirmable, a result no different in principle from saying that an award for an undisputed portion of a petitioner's demand is separate from and independent of the disputed portion. Indeed, this precise conclusion is strongly supported by the opinion of Judge (now Chief Judge) Walker in *Compania Chilena de Navigacion Interoceanica, S.A. v. Norton, Lilly & Co.*,[30] a case in which the petitioner obtained judicial confirmation of an interim award, based on the respondent's acknowledg-

ment of a debt of $48,010, despite the continued pendency before the arbitrators of the balance of the petitioner's claim for more than $400,000.[31] The court there reasoned that the $48,010 interim award based on the respondent's own accounting was "separate from [petitioner's] other claims, [because the latter] will require the consideration of more extensive evidentiary sources" and because the arbitrators "explicitly indicated the separate nature of the $48,010 award by describing it as a Partial Final Award."[32] Precisely the same circumstances are present here.[33]

Even if the panel's determination did not dispose of a separate and independent claim, it nevertheless would be final within the meaning of Section 10(a)(4). In construing Section 1291 of the Judicial Code, the Supreme Court has taught that the finality requirement must be interpreted with an eye toward practicality.[34] While the policy against piecemeal appeals is strong, there is "a small category of decisions that, although they do not end the litigation, must nonetheless be considered 'final.'"[35] Where an order is "conclusive, ... resolve[s] important questions separate from the merits, and [would be] unreviewable on appeal from the final judgment in the underlying action," it is final even if it is not the last order in the case.[36]

The considerations underlying this principle, known as the collateral order doctrine, apply to arbitration awards as well as to court orders. In both arbitral and

29. 790 F.2d 280.

30. 652 F.Supp. 1512 (S.D.N.Y.1987).

31. *Id.* at 1513, 1515.

32. *Id.* at 1515.

33. Respondent cites *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir.1980) for the proposition that the award here was not final and therefore may not be confirmed. In that case, the Circuit held that an interim award that decided the issue of liability with respect to four of five claims but that reserved as to liability on the fifth and as to damage on all five was not final and could not be con-

firmed under the FAA. The case therefore is distinguishable and does not control the outcome here. *See Metallgesellschaft A.G.*, 790 F.2d at 282–83.

34. *E.g., Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

35. *Swint v. Chambers County Com'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (quoting *Cohen*, 337 U.S. at 546, 69 S.Ct. 1221 (internal quotation marks omitted)).

36. *Id.*

judicial fora, important interests such as avoiding premature review counsel against involvement of reviewing courts while the underlying dispute remains pending. In both fora, however, there are unusual circumstances in which a delay of involvement by a reviewing (or confirming) court comes only at the cost of defeating important factors and in which involvement can occur without inappropriate prematurity. And this case presents a fine example of just such a circumstance.

Here, the arbitration panel has determined that respondent is entitled to immediate possession of $408,560 and to retain that money during the pendency of the arbitration.[37] There is nothing tentative or inconclusive about that decision, particularly in view of the panel's unanimous adherence to it in the face of respondent's application for reconsideration. The question whether petitioner is entitled to possession of that money *pendente lite* is quite separable from the ultimate merits of the dispute before the arbitrators. And the arbitrators' decision would be utterly unreviewable by an application to confirm or vacate the final award in the matter. Indeed, if petitioner cannot confirm the February 28 award now, it never will be able to enforce the arbitrators' determination that it is entitled to the money *now*, not after the conclusion of the hearings on the merits of the entire dispute between the parties. The requirements of the collateral order doctrine therefore are satisfied here, and the Court concludes that they are sufficiently persuasive in this arbitration context as to permit confirmation of the February 28 award.

Finally, the Court cannot properly ignore the arbitrators' express direction, in the manner of an equitable decree, that the $408,560 be paid "[w]ithout further delay." In *Southern Seas Navigation Ltd. v. Petroleos Mexicanos of Mexico City*,[38] Judge Weinfeld confirmed an interim arbitrators' ruling granting one party a reduction in the amount of the adversary's monetary claim.[39] Although the decision of the arbitrators obviously did not dispose of all of the claims submitted, it was, Judge Weinfeld held, equitable relief that was "an end in itself, for its very purpose is to clarify the parties' rights in the interim period pending a final decision on the merits." He wrote also that "[t]he only meaningful point at which such an award may be enforced is when made, rather than after the arbitrators have completely concluded consideration of all the parties' claims."[40]

Courts must bear in mind that arbitration is intended "to permit a relatively quick and inexpensive resolution of contractual disputes."[41] While its aspirations frequently exceed its attainments, courts should be most hesitant to create needless obstacles to their realization. There is little doubt that a court, through an award of partial summary judgment or other means, could see to it that the respondent promptly pays petitioner the sum in question even while the remainder of the dispute presses toward resolution. To paraphrase the Second Circuit, it would be a perversion to construe the Federal Arbitration Act to deny "the same prompt and commercially important relief from an arbitration panel that [petitioner] could have

---

**37.** The panel indeed may have determined that respondent's ultimate liability to petitioner for unpaid premiums is at least $408,560. But it is unnecessary to attribute to the panel such a decision on the merits in view of its unequivocal determination that petitioner is entitled to the money at least during the pendency of the arbitration.

**38.** 606 F.Supp. 692 (S.D.N.Y.1985).

**39.** The arbitrators based their decision on a finding that the opposing party did not have a

colorable claim in excess of a certain amount. *See id.* at 693.

**40.** *Id.* at 694. *See also Local 144, Hotel, Hospital, Nursing Home and Allied Services Union v. CNH Management Associates, Inc.,* 669 F.Supp. 632 (S.D.N.Y.1987).

**41.** *Diapulse Corp. v. Carba, Ltd.,* 626 F.2d 1108, 1110 (2d Cir.1980).

received from a court."[42] Accordingly, the Court holds that the arbitrators' February 28 award directing respondent to pay petitioner $408,560 "[w]ithout further delay" was "mutual, final and definite" within the meaning of Section 10(a)(4) of the FAA.

*Conclusion*

For the foregoing reasons, the amended petition for confirmation of the arbitration award is granted and the Clerk shall enter judgment for petitioner and against respondent in the sum of $408,560 together with interest and costs. Respondent's cross-motion to dismiss the amended petition is denied in all respects. The Clerk shall close the case.

SO ORDERED.

**42.** *Metallgesellschaft A.G.*, 790 F.2d at 282.